IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2017-CV-210-MJW

LIST INTERACTIVE, LTD. D/B/A UKNIGHT INTERACTIVE,
LEONARD S. LABRIOLA

    Plaintiffs,

v.

KNIGHTS OF COLUMBUS,
THOMAS P. SMITH, JR.
MATTHEW A. ST. JOHN,

    Defendants.

---

**PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of entry of a Protective Order to protect the identities of whistleblower witnesses in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to the identity of all current and former members, officers, agents, and employees of the Knights of Columbus who have been or are in contact with Plaintiffs in this case, as well as all documents, information, transcripts, videotapes, recordings, and other materials that may serve to identify these witnesses.
2. Information as specified in Paragraph 1, above, shall be designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY."
3. CONFIDENTIAL – ATTORNEY'S EYES ONLY information shall not be disclosed to or discussed with anyone other than attorneys who have entered an appearance in this case, except as provided in Paragraph 5, below.
4. Any reproduction of CONFIDENTIAL – ATTORNEY'S EYES ONLY information must retain the mark "CONFIDENTIAL – ATTORNEY'S EYES ONLY."
5. Information marked "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person, except that such information may be disclosed to:
    a. Attorneys actively working on and who have entered an appearance in this case;

    b. Attorneys or staff employed at a law office of an attorney described in Paragraph 5(a);
    c. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or other proceedings in this case;
    d. Court reporting personnel during depositions and examinations under oath;
    e. Court, and necessary Court staff;
    f. Other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL – ATTORNEY'S EYES ONLY" information to any person listed in Paragraph 5, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating he or she has read the Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject *to in camera* review by the Court if good cause is demonstrated by the opposing party.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL – ATTORNEY'S EYES ONLY information, the deposition or portions thereof shall be designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record during the deposition whenever possible, but a party may designate depositions, or portions thereof, as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" after transcription, provided written notice is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. In the event that a party desires to use CONFIDENTIAL – ATTORNEY'S EYES ONLY information as an exhibit to a Court document, the CONFIDENTIAL – ATTORNEY'S EYES ONLY information shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2 and must retain the mark "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

9. If additional disclosure is needed of CONFIDENTIAL – ATTORNEY'S EYES ONLY information, counsel for the party seeking disclosure will contact counsel for the producing/designating party to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within thirty (30) days, either party may file an appropriate motion with the Court. Said motion may attach the disputed CONFIDENTIAL – ATTORNEY'S EYES ONLY information as an exhibit to the motion, consistent with Paragraph 8 of this Protective Order.

10. A party may object to the designation of information as CONFIDENTIAL – ATTORNEY'S EYES ONLY by giving written notice to the counsel for the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the dispute within fourteen (14) days after the time the written notice is received, it shall be the obligation of the party designating the CONFIDENTIAL – ATTORNEY'S EYES ONLY information to file an appropriate motion requesting that the Court determine whether good cause

exists for the disputed information to be treated as CONFIDENTIAL – ATTORNEY'S EYES ONLY and subject to the terms of this Protective Order. If such a motion is timely filed, the dispute information shall be treated as CONFIDENTIAL – ATTORNEY'S EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL – ATTORNEY'S EYES ONLY.

11. At the conclusion of this case, unless other arrangements are agreed upon, all but one copy of CONFIDENTIAL – ATTORNEY'S EYES ONLY information, whether electronic or physical, shall be immediately returned to the producing party, or shall be destroyed or deleted, and the party shall promptly provide an affidavit confirming the destruction or deletion. One copy of all CONFIDENTIAL – ATTORNEY'S EYES ONLY information may be retained by counsel until the statute of limitations for legal malpractice has run, at which point that copy shall be destroyed or returned as provided in this Paragraph. The termination of this action shall not relieve counsel or other persons obligated hereunder form their responsibility to maintain the confidentiality of CONFIDENTIAL – ATTORNEY'S EYES ONLY information pursuant to this Protective Order.

12. This Protective Order maybe modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard. The Court shall retain jurisdiction to enforce this Protective Order even after the case has concluded.

13. Additionally, the Court ORDERS Defendant Knights of Columbus to send an email to all of the recipients of the 2/11/17 email stating the following:

On February 10, 2017 we sent you an email informing you about a lawsuit between the Knights of Columbus Supreme Council and a web-services provider called UKnight. In that email, we stated "[p]lease be aware, however, that if you choose to speak with [UKnight], you may become a witness in this lawsuit." Pursuant to a Whistleblower Protective Order issued by the Court, we are required to clarify that, regardless of whether you choose to speak with UKnight or not, you may be subpoenaed to testify in this lawsuit. The Court in this case has entered a Protective Order ensuring any potential whistleblower is afforded confidentiality, and your identity will not be disclosed to the Knights of Columbus. Furthermore, we wish to make it clear that the Supreme Council cannot retaliate against you in any way for cooperating with or testifying on behalf of UKnight, and that any such retaliation would be a violation of federal law.

So ORDERED, this ___ day of _____, 2017.

                                                                     _____
                                                                     United States Magistrate Judge